IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| BRANDON KERTEMUS PRIMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-027 |
| | ) | |
| STATE OF GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Smith State Prison ("SSP") in Glennville, Georgia, is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   BACKGROUND**

Plaintiff names the following Defendants: (1) Warden Brian Adams, (2) Chaplain Bernard Hill, (3) Inmate Michael D. Stallworth, (4) the State of Georgia, and (5) Smith State Prison. (Doc. no. 1, pp. 1, 4; doc. no. 6, p. 1.)  On April 14, 2022, the Court ordered Plaintiff to file an amended complaint as Plaintiff provided scant details of his claim in his original complaint. (Doc. no. 4, pp. 3-4.)  Plaintiff then filed an amended complaint, but only provided a few additional details, with some of the writing almost illegible. (See generally doc. no. 6.) Nonetheless, the Court will accept the Amended Complaint.  Taking all of Plaintiff's

allegations as true, as the Court must for purposes of the present screening, the Court surmises the facts as follows.

Plaintiff is of the Islamic faith but is also a member of the Christian inmate ministry group Kairos at Smith State Prison. (See id. at 4-5.) On December 17, 2021, Kairos and "Detdius" inmate groups were "called for a pre-incentive" Christian event. (Id.) Plaintiff was told by Defendants Adams, Hill, and Stallworth that he could not participate in the event because he was not Christian. (Id.) Defendant Stallworth is a fellow inmate and not employed by the prison. (Id.) After Plaintiff and two other Muslim inmates attempted to join the event, Defendant Adams told Plaintiff to "leave, go back to your dorm." (Id.) Plaintiff filed a grievance with the prison, and now seeks money damages and the firing of Defendant Hill. (Id. at 5, 7.)

## II.   DISCUSSION

### A.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

    **B.**    **DISCUSSION**

        **1.**    **Plaintiff Fails to Allege a Valid RLUIPA or Free Exercise Claim**

Plaintiff claims he was discriminated against when he was not able to attend the Christian event. Section 3 of RLUIPA provides in relevant part, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . ." 42 U.S.C. § 2000cc-1(a). A prima facie case under section 3 of RLUIPA requires Plaintiff to show

3

(1) he engaged in a religious exercise; and (2) the religious exercise was substantially burdened. Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007), *abrogated on other grounds,* Sossamon v. Texas, 563 U.S. 277 (2011). A substantial burden is "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Id. at 1277. The Eleventh Circuit has explained that to constitute a substantial burden on religious practice, "the government's action must be 'more than . . . incidental' and 'must place more than an inconvenience on religious exercise.' . . . That is, to constitute a substantial burden under RLUIPA, the governmental action must significantly hamper one's religious practice." Id.

Assuming for the sake of argument that a Muslim engages in a religious exercise by attending a Christian religious event, Plaintiff's religious exercise was not substantially burdened by the inability to participate in one event. Plaintiff does not allege any facts to suggest coercive behavior that would hamper or cause him to conform his religious practices. Thus, Plaintiff has not alleged the substantial burden necessary to state a claim under RLUIPA. See Smith, 502 F.3d at 1266.

Neither has Plaintiff established a violation of the Free Exercise Clause of the First Amendment. The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof." U.S. Const. amend. I. The Free Exercise clause applies to the States via the Fourteenth Amendment. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 8 n.4 (2004), *abrogated on other grounds*, Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127 (2014). "[A] complaint fails to state a Free Exercise claim if it does not allege that (1) the plaintiff holds a belief, not a preference, that is sincerely held and religious in nature, not merely secular; and (2) the law at issue in some way impacts the plaintiff's ability to either

4

hold that belief or act pursuant to that belief." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1256-57 (11th Cir. 2012).

Plaintiff is of the Islamic faith. Although he claims to be a member of a Christian ministry group and attends their events, he never alleges a sincerely held belief in Christianity. Turning a Muslim away from a Christian event obviously does not violate the Muslim's sincerely held Islamic beliefs. Thus, Plaintiff fails to allege facts sufficient to state a claim under the First Amendment. See Hathcock v. Cohen, 287 F. App'x 287, 801 (11th Cir. 2008).

### 2. Defendants Adams, Hill, and Stallworth Are Not Subject to Liability in a § 1983 Suit in the Manner Named

Plaintiff states in his amended complaint he is suing Defendants Adams and Hill only in their official capacities. (Doc. no. 6, pp. 2, 5.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, any official capacity claims against any Defendant for monetary relief fail as a matter of law and should be dismissed.

Likewise, Defendant Stallworth, a fellow inmate, cannot be subject to liability in a § 1983 suit. Section 1983 allows for claims against those acting under color of law, not private actors. See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Defendant Stallworth is a private actor, and nowhere does Plaintiff allege he was acting under color of law.

### 3. Plaintiff Fails to State a Claim Against Defendants State of Georgia and Smith State Prison in the Amended Complaint

As the Court previously explained, (doc. no. 4, p. 4), Plaintiff's amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff does not name the State of Georgia and Smith State Prison, two of the Defendants from the original complaint, in the caption of the

amended complaint. (Cf. doc. no. 1 with doc. no. 6.) He does not mention them anywhere in the statement of claim. Nor does Plaintiff make any allegations associating these two Defendants with a purported constitutional violation. Dismissal is therefore appropriate. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Defendants State of Georgia and Smith State Prison should be dismissed.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of August, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA